**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Allan Cullen


    v.                                            Civil No. 04-cv-339-PB


Warden, New Hampshire State Prison


**O R D E R**


Allan Cullen's petition for a writ of habeas corpus

(document no. 4) initially came before the Court for preliminary

review on September 10, 2004, challenging his state court

conviction on the following grounds:

1.    Cullen's Fifth and Fourteenth Amendment due process
rights were violated when the trial court allowed a
witness to testify for the state without adequate
notice to the defense;

2.    Cullen's Fifth and Fourteenth Amendment due process
rights process were violated when the trial court
refused to strike the testimony of a witness who
violated a sequestration order by conferring with
another trial witness;

3.    Cullen's Sixth Amendment right to the effective
assistance of counsel was violated when his trial
counsel:

    a.    failed to object to the state's suggestive in-
court identification of Cullen;

    b.    failed to object to a prosecutor's inappropriate
closing statement; and

   c. failed to investigate Cullen's medical history to determine whether or not his competence to stand trial was at issue; and

  4. Cullen's Fifth and Fourteenth Amendment due process rights were violated when the prosecutor:

   a. engaged in a suggestive in-court identification; and

   b. inappropriately vouched for the credibility of a state's witnesses in his closing argument.

On January 5, 2005, I issued an Order staying this action and directing Cullen to amend his petition to demonstrate that his claims had been properly exhausted in the state courts (document no. 5). In that Order, I directed Cullen to present the claims identified above, including the federal constitutional nature of each claim, to the state courts for consideration. Once the state's highest court, the New Hampshire Supreme Court, rendered a final decision on the claims, Cullen was directed to return to this Court, seek a lift of the stay in the case, and file an amended petition demonstrating exhaustion of the claims, along with all of the pleadings, documents, and orders filed in or issued by the state courts relevant to exhaustion. Cullen was further directed to advise this Court of the status of his case every ninety days while his efforts at exhaustion were underway.

Cullen has filed a status report in this Court every ninety days for almost five years.  I have thoroughly reviewed the contents of each of these status reports, and attachments thereto, and it is apparent that, despite the Court's patience, Cullen has thus far failed to raise any of the substantive claims in his petition to any state court since this Court issued its January 5, 2005 Order.  Cullen has made numerous attempts to obtain transcripts, tapes, criminal records, recorded witness interviews, and similar "discovery" items through the state courts as a precedent to filing his substantive claims in a state habeas petition.  While Cullen has been diligent in his efforts to obtain those documents, his efforts have been misguided and have done nothing to advance the exhaustion of his claims in the state courts.

Cullen must immediately present the substance of his claims, including the federal constitutional nature of each claim, to the state Superior Court in a state habeas action.  After that action has been filed, Cullen may address any issues concerning discovery materials or evidence he needs to prove those claims with the hearing court.  Once the Superior Court has rendered a decision, if the petition is denied, Cullen must appeal each of

his federal constitutional challenges to his conviction to the New Hampshire Supreme Court for consideration in order to satisfy the exhaustion requirement of the federal habeas statute. <u>See</u> 28 U.S.C. § 2254(b).

Cullen is now ordered to:

1.    File a substantive habeas petition in the state Superior Court, including each of the claims he seeks to raise here, within thirty (30) days of the date of this Order;

2.    Notify this Court that such an action has been filed within thirty (30) days of the date of this Order;

3.    Continue to provide this Court with status reports of that action every ninety (90) days until the claims are fully exhausted in the state courts. Cullen should note that the status reports he files, going forward, should contain information regarding the exhaustion of his claims in his state habeas action. Professional Conduct Committee correspondence, attempts to obtain information from his former attorneys, documents related to his sentence, tapes, and all other acts that are not taken in furtherance of a state habeas action <u>that has already been filed</u> are not relevant to this Court's determination of whether or not Cullen has exhausted his claims in the state

courts;

     4.   Once the claims are fully exhausted Cullen must return to this Court, seek a lift of the stay in this case, and file an amended petition demonstrating exhaustion of each of the claims raised here.

     If Cullen fails to comply with this Order, I will recommend that this petition be dismissed for failure to demonstrate exhaustion of state remedies.

     **SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:    December 1, 2009

cc:    Allan Cullen, pro se